## Case No. 13,550.

### The STRUGGLE.

### [1 Gall. 476.] 1

Circuit Court, D. Massachusetts. Oct. Term, 1813.

EMBARGO AND NONINTERCOURSE — BOND — CONDITION—REDELIVERY TO CLAIMANT.

1. A bond voluntarily given upon the delivery of property on bail, on application of the claimant, is good, although the condition does not exactly conform to the 89th sect. of the act of 2d March, 1799, c. 128 [1 Story's Laws, 653; 1 Stat. 695, c. 20].

[Cited in George v. Tate, 102 U. S. 571; Munks v. Jackson, 13 C. C. A. 641, 66 Fed. 574.]

2. Even if such bond were void, the court would, by attachment, enforce a redelivery of the property by the claimant.

See U. S. v. Woollen Cloth [Case No. 15,-150]; The Nied Elwin, 1 Dod. 50.

[Cited in Bank of U. S. v. Brent, Case No. 910.]

3. The 89th sect. of the act of the 2d of March, 1799, c. 128 [1 Story's Laws, 653; 1 Stat. 695, c. 20], does not extend to delivery on bail, on seizures under other acts.

[Cited in Fifteen Pieces of Black Silk, Case No. 4,779.]

This was an appeal from the decree of the district court of Maine acquitting this vessel, against which an information was filed for a violation of the non-importation acts. Act March 1, 1809, c. 91, revived by Act March 2, 1811, c. 96 [2 Story's Laws, 1114, 1187; 2 Stat. 550, 651]. Pending the proceedings in the court below, the claimants [Thomas Lord and others] had obtained a delivery of the vessel, on giving bail for the appraised value.

At the hearing, at this term, the decree of the district court was reversed, and a decree of condemnation pronounced. After which, William Prescott of counsel for the claimants suggested, that before judgment was pronounced upon the bail bond, he wished to be heard, as it did not in the condition conform to the terms of the statute. Act March 2, 1799, c. 128, § 89 [1 Story's Laws, 653; 1 Stat. 695, c. 20].

Before STORY, Circuit Justice, and DAVIS, District Judge.

STORY, Circuit Justice. I cannot say that I approve of the practice of an indiscriminate delivery of property seized, on giving bail for the appraised value. It is attended with many inconveniences, and often leads to frauds. In the exchequer in England, no delivery is allowed, unless the property be perishable, or the government officers have been guilty of laches and delays in the prosecution. In the admiralty a more liberal practice seems to prevail, but I believe it will be found, that the court does not lend an indulgent ear, unless some peculiar ground is laid for the application; and, indeed, a more liberal practice may well prevail in the instance court, because it is seldom that more than a lien on the property is sought to be enforced.

I do not consider the present case as governed by any statute provision. I have never considered the 89th section of the act of the 2d of March, 1799, c. 128 [1 Story's Laws, 653; 1 Stat. 695, c. 20], as reaching beyond cases within the purview of that act. Though the acts, on which this information is founded. refer to that act as to the mode of prosecution, it does not follow, that all the interlocutory proceedings of the court are to be governed by it. Even, however, under that act, it is not understood that a delivery on bail is compulsory on the court. It still rests in sound discretion, whether it will appoint appraisers.

But admitting this case to be completely within the act, I do not think that the learned counsel need give himself the trouble of an argument. The question is not new, and I am entirely satisfied, that where the claimant voluntarily accepts a delivery on bail, it is an estoppel of his right to contest the validity of the security. He accepts, or not, at his pleasure, and it would be grossly inequitable, if he might lie by until the close of the cause, receive and use the property, and then, by detecting an error in the bond, set the whole judgment of the court at defiance. In point of fact it is well known that these errors, if any, creep in through inadvertence of the officers of the court, and are not imposed upon the party.

Even if the law were otherwise, it would not avail the claimants. If the bail be not rightfully taken, they have the custody of the property or its proceeds, as mere stakeholders for the court; and I should have little difficulty in enforcing, by attachment, a re-delivery of the same to the court. Considering how appraisements are usually made, I presume the claimants would not elect so inconvenient a procedure.

Prescott waived any further motion to the court.